IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TIMOTHY LOUIS HERMANN,

                    Plaintiff,

         v.

STATE OF WISCONSIN, SCOTT WALKER,
BRAD SCHIMEL, DOUG LAFOLLETTE,
ALL LICENSED MEMBERS AND ASSISTANTS OF
THE AMERICAN BAR ASSOCIATION AND STATE
BAR OF WISCONSIN, ALL THE JUDGES - ROD M.                    OPINION & ORDER
SMELTZER, JAMES A. PETERSON AND THEIR
ASSISTANTS, STATE OF WISCONSIN CIRCUIT                           16-cv-191-jdp
COURT, DUNN COUNTY, ALL THE OFFICERS
AND ASSISTANTS OF THE OFFICE OF DISTRICT
ATTORNEY COUNTY OF DUNN, DUNN COUNTY,
DENNIS P. SMITH, ALL DEPUTIES IN THE DUNN
COUNTY SHERIFF'S DEPARTMENT,
and CITY OF MENOMINEE,

                    Defendants.

---

Plaintiff Timothy Louis Hermann, a resident of Wheeler, Wisconsin, has initiated this lawsuit with a document titled "Affidavit of Obligation Commercial Lien," Dkt. 1, which I will construe as a civil complaint for damages. Although the document does not have a caption, he lists various state law enforcement and judicial officials as "Lien Debtors," *id*. at 11, whom I will consider as the defendants in this case. The court has already concluded that plaintiff may proceed *in forma pauperis* in this case without prepayment of any portion of the $350 filing fee.

The next step is for the court to screen plaintiff's complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for monetary damages from a defendant who by law cannot be sued for money damages.

28 U.S.C. § 1915. In screening any pro se litigant's complaint, I must read the allegations of the complaint generously, *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), and accept plaintiff's allegations as true, *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010).

After reviewing plaintiff's complaint with these principles in mind, I conclude that I must stay the case under the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), and I will direct the clerk of court to administratively close the case.

Based on his plaintiff's complaint and state of Wisconsin electronic court records, I take plaintiff to be challenging the lawfulness of criminal proceedings against him in Dunn County, where he has been charged with simulating legal process. *See Wisconsin v. Hermann*, Dunn County Case No. 2015CF293. But these proceedings are still ongoing. Under *Younger*, federal courts are required to show proper respect for state judicial systems and abstain from issuing orders that would interfere with ongoing state criminal prosecutions, except in limited circumstances. 401 U.S. at 45.

One such circumstance may be where governmental officials have pursued criminal charges against the plaintiff in bad faith. "A plaintiff asserting bad faith prosecution as an exception to *Younger* abstention must allege specific facts [that] show that state prosecution was brought in bad faith for the purpose of retaliating for or deterring the exercise of constitutionally protected rights." *Collins v. Kendall County*, 807 F.2d 95, 98 (7th Cir. 1986); *see also Kugler v. Helfant*, 421 U.S. 117, 126 n.6 (1975) ("'[B]ad faith' in this context generally means that a prosecution has been brought without a reasonable expectation of obtaining a valid conviction."). Nothing in plaintiff's complaint suggests that this exception should apply.

Because *Younger* applies, I may abstain by dismissing the suit or by staying it. *Majors v. Engelbrecht*, 149 F.3d 709, 714 (7th Cir. 1998). "The pivotal question in making this determination is whether any of the relief sought by the plaintiff in [his] federal action is unavailable in the state action." *FreeEats.com, Inc. v. Indiana*, 502 F.3d 590, 600 (7th Cir. 2007). Because the money damages plaintiff seeks are not available in his state court proceedings, I must stay this case, and I will direct the clerk of court to administratively close it.

Plaintiff is free to file a motion to reopen this case after the conclusion of the pending state criminal proceedings, including his appeals and any relevant state collateral review proceedings. *See Simpson v. Rowan*, 73 F.3d 134, 139 (7th Cir. 1995). But even if plaintiff plans to do so, he should be aware that his complaint has problems that make it highly unlikely that he could maintain any claims for relief. Plaintiff names large swaths of Dunn County and state officials as defendants without regard to whether they were personally involved in his criminal prosecution, and it is unclear whether he has explicitly named as defendants all of the individuals involved in his proceedings, which would likely be reason for this court to direct him to amend his complaint upon reopening of the case. Plaintiff also lards his complaint with discussions of frivolous "sovereign citizen"-type theories that do not support a claim. *See, e.g.*, Dkt. 1, at 2 ("Judicial non-jury commercial judgments and orders originate from a limited liability entity called a municipal corporation – hence must be reinforced by a Commercial Affidavit and a Commercial Liability Bond"). If the criminal case results in plaintiff's conviction, and plaintiff reopens this case, I will likely have to dismiss it because a judgment in his favor in this court would imply the invalidity of his conviction. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

ORDER

IT IS ORDERED that this case is STAYED, pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), pending final resolution of plaintiff Timothy Louis Hermann's state criminal proceedings. The clerk of court is directed to administratively close this case.

Entered June 22, 2016.

BY THE COURT:
/s/

_____
JAMES D. PETERSON
District Judge